Staples, J.
delivered the opinion of the court.
The court is of opinion, that although no bond was given by Thomas W. McCue, the commissioner, before he proceeded to collect the purchase money for the land, yet, inasmuch as he was authorized by the decree of the 9th of June 1863, to collect said money as it fell due, and to pay it to the receiver of the court, in the event of the refusal of the parties to receive it, and the money having been paid by the purchasers, Charles B. Steigel and J. P. Dixon, and deposited by said commissioner in bank acting as receiver, to the credit of the cause, in consequence of such refusal of the parties interested, and said fund having been lost without the default of said commissioner ; the purchasers cannot be in any manner prejudiced by his failure to execute the bond required by law.
It does not appear that said Steigel and Dixon were guilty of any fraud, imposition, or other unfair conduct. They purchased at a sale publicly and fairly made; they complied with all its terms, by the prompt payment of the three first instalments of the purchase money : when *380 the fourth and last instalment became due, one of them was in the army, and the other a prisoner in the Federal lines. The appellants have sustained no loss or damage by the failure of said purchasers to comply with this part of their contract. On the contrary, such failure manifestly enured to their benefit; as under the decree of the Circuit court, they are entitled to receive the nominal amount of the last instalment in United States currency.
It is unnecessary to consider the other objections urged to the various decrees and proceedings in the cause. Even if well founded, they cannot operate to the prejudice of the purchasers, inasmuch as the sale was made more than six months after the date of the decree, and was duly confirmed ; and the said purchasers are, therefore, fully protected by the provisions of the 8th section of chapter 178, Code of 1860, which declare, that if a sale of property be made under a decree or order of a court, after six months from the date thereof, and such sale be confirmed, though such decree or order be after-wards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be a restitution of the proceeds of sale to those entitled.
The court is further of opiniou, that no liability attaches to the estate of the said Thomas W. McCue, by reason of anything done by him in the execution of the trusts confided to him. Under the decree of 1860 he was authorized to sell the land in controversy ; and under that of 1861, to rent it out on such terms and for such time as he might deem most advantageous to the estate. Upon the termination of said renting it was not necessary for him to apply again to the court for authority to sell. The decree of 1860 was still in effect; and the authority to execute it unrevoked. Such was the construction given to that decree by the Circuit court when it confirmed the sale. Upon well settled principles, when commissioners are appointed to make sales of property, *381 they are subject to the supervision and control of the court, and their acts, when sanctioned, become the acts of the court. It is unreasonable to suppose the presiding - judge was not apprized that the sale was made for Confederate currency; and in authorizing the commissioner to collect the purchase money, he must have intended the collection to be made in the currency then exclusively in circulation. If the parties deemed the sale injudicious, it was easy to apply to the court to set aside or modify the decree of 1860, or to arrest the action of the commissioner.
It is true that some of them were infants ; but it. appears from the statement of the judge who rendered the decree now appealed from, that they were represented by efficient counsel, who prepared the decree confirming the sale, and authorizing the collection of the purchase money. No objection was ever made to any of the proceedings ; and now, after the loss of the fund by the disastrous termination of the war, it is sought to make the commissioner responsible for an act approved by the court, and never disapproved, so far as this record discloses, by the parties or their counsel. A rule of this sort, adopted by this court, would produce incalculable mischief throughout the State, and tend to the utter ruin of a vast number of innocent officers acting under the sanction and by the authority of the courts, during the protracted struggle in which the country was engaged. Every consideration of sound policy and justice requires that such officers should not be held responsible for acts bona fide performed, under the direct approval and sanction of the court appointing them.
The court is therefore of opinion that there is no error in the decree of the 12th January 1867, nor in the decree of the 22d November 1867, dismissing the cross-bill of the appellants, and that the same should be affirmed.
Decree affirmed.